# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROGELIO VALDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 18 CV 5434 |
| ) | |
| The VILLAGE OF BROOKFIELD, Illinois, ) | Judge |
| a municipal corporation, and Brookfield Police ) | |
| Officers ANDREW LOWRY #403, RAFAEL ) | Magistrate Judge |
| ALVARADO #414, NICHOLAS HAHN #408, ) | |
| ANTHONY ZEMAN #409, MARK McEWAN ) | |
| #424, RAYMOND PATON #411, and ) | |
| DANIEL FLORES #401, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, ROGELIO VALDEZ, by and through his attorneys, the HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants the VILLAGE OF BROOKFIELD, Illinois, and Brookfield Police Officers ANDREW LOWRY #403, RAFAEL ALVARADO #414, NICHOLAS HAHN #408, ANTHONY ZEMAN #409, MARK McEWAN #424, RAYMOND PATON #411, and DANIEL FLORES #401 ("Defendant OFFICERS"):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. Plaintiff ROGELIO VALDEZ is 64 years old and at all relevant times was a resident of Brookfield, Illinois. Plaintiff is a Marine Corps veteran and a retired Chicago Transit Authority mechanic.

5. At all relevant times, Defendant OFFICERS are or were Brookfield Police Officers employed by Defendant VILLAGE, acting under color of law and within the scope of their employment.

6. Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant VILLAGE must indemnify Defendant OFFICERS pursuant to 735 ILCS 10/9-102. Defendant VILLAGE has been named as a defendant in this lawsuit for indemnification purposes.

**FACTS**

*Plaintiff's August 9, 2016 Arrest*

7. On August 9, 2016, Plaintiff was inside his apartment at 8642 Brookfield Avenue in Brookfield, Illinois.

8. In the early morning hours, Plaintiff called the police to remove one of his daughters from his home because she was intoxicated and causing problems.

9. Defendants LOWRY, ALVARADO, HAHN, and ZEMAN arrived at Plaintiff's house in response to his call.

10. Instead of helping Plaintiff, however, Defendant OFFICERS grabbed Plaintiff and shoved his torso down roughly over the hallway bannister and handcuffed him.

11. Defendant LOWRY and another of the Defendant OFFICERS held Plaintiff by his arms and began moving quickly down the narrow flight of stairs that led to Plaintiff's apartment.

12. On the way down the stairs, one of these two Defendant OFFICERS stepped on Plaintiff's foot, hurting Plaintiff.

13. At the same time, Defendant LOWRY tripped and fell on the stairs, injuring his ankle.

14. When Defendant LOWRY fell, Plaintiff also fell and struck his head.

15. Plaintiff was transported to the Brookfield police station.

16. The police reports created or approved by Defendant OFFICERS contained false and/or misleading information about the circumstances of Plaintiff's arrest as well as the justification for their use of force upon him.

17. Defendant OFFICERS charged Plaintiff with aggravated resisting a peace officer and two counts of aggravated battery to a police officer.

18. The charges that Defendant OFFICERS placed against Plaintiff alleged Plaintiff flailed his arms and refused to place them behind his back, and that Plaintiff pushed Defendant LOWRY down the stairs, causing Defendant LOWRY's ankle injury.

19. Plaintiff was transported from the Brookfield police station to Cook County Jail.

20. At Cook County Jail, Plaintiff was placed on electronic monitoring.

21. Plaintiff spent approximately 20 hours in custody until he was released.

22. When his foot was still causing him pain sometime later, Plaintiff went to have it checked out. X-rays revealed a chip fracture at the base of this big toe.

23. The criminal charges that Defendant OFFICERS placed against Plaintiff were dismissed on May 16, 2018.

### *Plaintiff's May 4, 2017 Arrest*

24. On the night of May 4, 2017, Plaintiff was asleep in his apartment.

25. Defendants ALVARADO, McEWAN, PATON, and FLORES arrived at Plaintiff's home in the middle of the night and began banging on his door.

26. Plaintiff woke up and answered his door and Defendant OFFICERS told him they had a warrant for his daughter's arrest.

27. Plaintiff asked to see the warrant but Defendant OFFICERS refused to show it to him.

28. Plaintiff woke his daughter up and told her to put her shoes on because the police were waiting for her.

29. When Plaintiff returned to the front door to tell Defendant OFFICERS that his daughter was dressing, Defendant OFFICERS forced their way inside.

30. Defendant OFFICERS pushed Plaintiff up against the wall, wrenching his shoulders back and hurting Plaintiff's shoulder.

31. Defendant OFFICERS arrested Plaintiff.

32. Plaintiff was transported to the Brookfield police station.

33. Defendant OFFICERS charged Plaintiff with battery and resisting a peace officer.

34. The charges that Defendant OFFICERS placed against Plaintiff alleged that Plaintiff pushed Defendant PATONE on the shoulder and that Plaintiff refused to place his hands behind his back so that he could be handcuffed.

35. The police reports created or approved by Defendant OFFICERS contained false and/or misleading information about the circumstances of Plaintiff's arrest as well as the justification for their use of force.

36. The criminal charges resulting from Plaintiff's May 4, 2017 arrest were dismissed on May 16, 2018.

**COUNT I**
(42 U.S.C. § 1983 – False Arrest – August 9, 2016)

37. Each of the foregoing paragraphs is incorporated as if fully restated here.

38. As described above, Defendant OFFICERS arrested Plaintiff, or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

39. As a direct and proximate result of this illegal arrest, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983 – False Arrest – May 4, 2017)

40. Each of the foregoing paragraphs is incorporated as if fully restated here.

41. As described above, Defendant OFFICERS arrested Plaintiff, or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

42. As a direct and proximate result of this illegal arrest, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 – Excessive Force – August 9, 2016)

43. Each of the foregoing paragraphs is incorporated as if fully restated here.

44. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

45. As a direct and proximate result of this excessive force, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(42 U.S.C. § 1983 – Excessive Force – May 4, 2017)

46. Each of the foregoing paragraphs is incorporated as if fully restated here.

47. As described above, the intentional conduct of Defendant OFFICERS towards Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

48. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

49. As a direct and proximate result of this excessive force and failure to intervene, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V
(Illinois Common Law, Malicious Prosecution – August 9, 2016)

50. Each of the preceding paragraphs is incorporated as if fully restated here.

51. As described above, Defendant OFFICERS caused or continued criminal proceedings against Plaintiff without probable cause.

52. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor(s) regarding the circumstances of Plaintiff's arrest.

53. The criminal proceedings against Plaintiff were terminated in his favor.

54. As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

    **WHEREFORE**, Plaintiffs prays for a judgment against Defendant VILLAGE and OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, as well as such other relief this Court deems just and equitable.

### COUNT VI
(Illinois Common Law, Malicious Prosecution – May 4, 2017)

55. Each of the preceding paragraphs is incorporated as if fully restated here.

56. As described above, Defendant OFFICERS initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against him, without probable cause to do so.

57. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor(s) regarding the circumstances of Plaintiff's arrest.

58. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of his innocence.

59. As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

    **WHEREFORE**, Plaintiffs prays for a judgment against Defendant VILLAGE and OFFICERS in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, as well as such other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ROGELIO VALDEZ, Plaintiff,

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397